IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ISAAC MONROE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:25-cv-1463-E-BN |
| | § | |
| TEXAS DEPARTMENT OF | § | |
| CRIMINAL JUSTICE, | § | |
| | § | |
| Defendant. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

This case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and an order of reference from United States District Judge Ada Brown. *See* Dkt. No. 1.

On June 11, 2025, the Court ordered Plaintiff Isaac Monroe, proceeding *pro se*, to serve Defendant Texas Department of Criminal Justice ("TDCJ") and file proof of service with the Court no later than 90 days after filing his complaint. *See* Dkt. No. 9.

On September 18, 2025, after that deadline had passed, the Court entered a Second Order Regarding Service requiring Monroe to serve TDCJ and file proof of service with the Court by no later than December 17, 2025. *See* Dkt. No. 12.

And in that order, the Court cautioned Monroe that if proper service was not made and shown to the Court, the undersigned would recommend that this case be dismissed without prejudice for failure to prosecute and to obey court orders. *See id.*

(citing FED. R. CIV. P. 4(m) and FED R. CIV. P. 41(b)).

The Clerk of Court had issued summons for Defendant TDCJ. *See* Dkt. No. 6. But there is no evidence in the record that TDCJ was served. Instead, on October 7, 2025, Monroe executed service as to the Office of the Attorney General. *See* Dkt. No. 13.

But Monroe is required to serve the Director of TDCJ. *See* FED. R. CIV. P. 4(j)(2). So the Court entered a Third Order Regarding Service reminding Monroe that, by December 17, 2025, he must file with the Court proof of service on Defendant TDCJ, through TDCJ's Director. *See* Dkt. No. 14.

And the Court again cautioned Monroe that, if proper service was not shown to the Court through a filed proof of service (or waiver of service obtained and filed with the Court) by the specified deadline, this case, as to TDCJ, was subject to dismissal without prejudice.

That deadline has since passed, and Monroe still has not effected service as to TDCJ.

And, so, the undersigned now enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss this action without prejudice under Federal Rules of Civil Procedure 4(m) and 41(b).

**Legal Standards**

Rule 4(m) of the Federal Rules of Civil Procedure governs the time within which a plaintiff must serve a defendant. That Rule provides in relevant part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must

> dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m).

A district court has authority to dismiss a case for want of prosecution or for failure to comply with a court order. FED. R. CIV. P. 41(b); see also *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985). Such a dismissal may be with or without prejudice. See *Long v. Simmons*, 77 F.3d 878, 879–80 (5th Cir. 1996). But a dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. *Id*. At 880; see also *Berry v. CIGNA/RSI–CIGNA*, 975 F.2d 1188, 1191 (5th Cir.1992).

## Analysis

Monroe failed to serve TDCJ within 90 days after he filed his complaint despite the Court's instructions to do so. *See* Dkt Nos. 9, 12, & 14.

And, to date, Monroe has not filed a response showing good cause for the Court to extend the time for service for an appropriate period.

And, so, dismissal is warranted for failure to prosecute, and, specifically, because he failed to timely serve TDCJ after the Court provided him notice of the consequences of such failure. *Accord Trejo v. US Senate*, No. 1:23-cv-00067-H-BU, 2024 WL 1863392 (N.D. Tex. Apr. 2, 2024) (explaining that failure to serve process

alone warrants dismissal); *see also Veronica B. v. Comm'r of Soc. Sec. Admin.*, No. 3:19-cv-1341-S-BT, 2019 WL 5967847 (N.D. Tex. Oct. 10, 2019).

And dismissal is warranted because of Monroe's failure to comply with multiple court orders regarding service. *See* Dkt. Nos. 9, 12, & 14. The deadlines in those orders for Monroe to serve TDCJ or show good cause to extend his service deadline have passed.

The undersigned has no reason to believe that Monroe's failure to prosecute or comply with court orders is the result of some improper motive. And, so, the Court should dismiss Monroe's claims without prejudice.

## Recommendation

The Court should dismiss Monroe's complaint without prejudice under FED. R. CIV. P. 4(m) and FED. R. CIV. P. 41(b).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the

factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 23, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE